IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 16-1006 |
| | ) | |
| DAVID HENDRICK, | ) | |
|     Defendant. | ) | |

## **OPINION**

The United States of America (United States) brings this action to collect the assessments made against Defendant David Hendrick for certain unpaid trust fund recovery penalties. Presently before the Court is a Motion for Summary Judgment and brief in support filed by the United States (ECF Nos. 29, 30). Defendant has filed a response and accompanying brief in opposition. (ECF Nos. 32, 34). For the reasons that follow, this Court will grant the United States' motion.

**Factual and Procedural History**

During the relevant timeframe, between 2001 and 2004, Defendant was the president and sole officer of Multi-Phase, Inc. (ECF No. 1, ¶ 5). In that capacity, Defendant was responsible for accounting, collecting, and paying over to the United States the federal employment taxes withheld from wages of his employees. (Id. at ¶ 6). Defendant failed to pay over to the government taxes collected for the last three quarters of 2001, the last two quarters of 2003, and the first three quarters of 2004. (Id. at ¶ 7). As a result, on March 29, 2005, the Internal Revenue Service (IRS) sent Defendant a pre-assessment notice (IRS Letter 1153 (DO) and IRS Form 2751) outlining the applicable trust fund recovery penalty assessments pursuant to 26 U.S.C. § 6672. (ECF No. 30 at

pg. 1-2). On June 23, 2005, a delegate of the Secretary of the Treasury assessed against Defendant trust fund penalties in the amount of $2,635,127.79.[1] (ECF. No 1 ¶ 8).

On September 2, 2005, Defendant requested a Collection Due Process (CDP) hearing. (ECF. No 30, pg. 3). On August 21, 2006, the IRS issued a Notice of Determination, stating that "[t]he IRS followed the appropriate legal and administrative procedures with regards to the issuance of a final notice of intent to levy." (ECF No. 29-3). The Notice informed Defendant that he had 30 days from the date of the letter, or until September 20, 2006, to file a complaint in federal court challenging the IRS's determination. (Id.) He failed to do so.

On July 6, 2016, the United States filed a complaint with this Court seeking recovery of the unpaid trust fund recovery penalties, plus interest and other statutory fees. (ECF No. 1). Defendant filed an answer on October 31, 2016. (ECF No. 6). On February 12, 2018, the United States filed a motion for summary judgment and accompanying brief. (ECF Nos. 29, 30). Defendant filed a response and a brief in opposition (ECF Nos. 32, 34), and the United States has filed a reply (ECF No. 35).

This Court has jurisdiction pursuant to 26 U.S.C. § 7402, and 28 U.S.C. §§ 1340 and 1345. The parties have consented to proceed before the undersigned pursuant to 28 U.S.C. § 636(c) (ECF Nos. 8, 11).

**Standard of Review**

As amended effective December 1, 2010, the Federal Rules of Civil Procedure provide that: "[t]he court shall grant summary judgment if the movant shows that there is no genuine

---

[1] At the time of this Opinion, factoring accrued interest and penalties, the total amount owed by Defendant has increased to $2,818,097.14. (ECF No. 30 at pg. 2).

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the non moving party must set forth "specific facts showing that there is a genuine issue for trial" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Indus. Corp. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In following this directive, a court must take the facts in the light most favorable to the non-moving party, and must draw all reasonable inferences and resolve all doubts in that party's favor. Hugh v. Butler County Family YMCA, 418 F.3d 265, 266 (3d Cir. 2005); Doe v. County of Centre, Pa., 242 F.3d 437, 446 (3d Cir. 2001).

**Discussion**

The sole issue before this Court is whether the United States' claims have been raised beyond the applicable statute of limitations. (ECF No. 15; ECF No. 34). The relevant statutory provisions provide that, generally, the United States may bring suit to collect an unpaid assessment within ten years of the date of that assessment. See 26 U.S.C. § 6502(a). This timeframe may be tolled, subject to exceptions not at issue in this case, "for the period during which [a] hearing

3

[requested under section 6502], and appeals therein, are pending." 26 U.S.C. § 6330(e)(1). The related Treasury Regulation explains that

> [t]he period[] of limitation under section 6502 (relating to collection after assessment) … [is] suspended until the date the IRS receives the taxpayer's written withdrawal of the request for a CDP hearing by Appeals or the determination resulting from the CDP hearing becomes final by expiration of the time for seeking judicial review or the exhaustion of any rights to appeals following judicial review.

26 C.F.R. § 301.6330-1(g)(1). A taxpayer has 30 days after the IRS appeals office issues a notice of determination in a CDP proceeding to seek judicial review in federal court. See 26 U.S.C. § 6330(d)(1).

In seeking summary judgment, the United States argues that section 6330(e)(1) tolls the statute of limitations "from the time the taxpayer requests a CDP hearing to the time the CDP determination because final with the expiration of the time for seeking judicial review." (ECF No. 30, pg. 7.) Thus, the government contends, the statutory run time in this case was extended by the 30-day period in which Defendant could have sought judicial review, even though he failed to do actually avail himself of that right. (Id. at 7-8). Therefore, the period of limitations expired on July 11, 2016 and this case, which commenced on July 6, 2016, was timely filed. (Id.)

Conversely, Defendant contends that the instant suit is untimely. Specifically, Defendant claims that the tolled period should not include the 30 days following issuance of the notice of determination because no appeal was taken. (ECF No. 34, at pg. 8-9) ("It is hard to see how an appeal could be pending if it never existed."). Thus, he argues, the statute of limitations expired on June 10, 2016 and the United States' suit is untimely. (Id.) Defendant's argument focuses on the statutory construction of section 6330(e)(1). Defendant asks this Court to reject the clarification provided by 26 C.F.R. § 301.6330-1(g)(1) on the basis that the language of section 6330(e)(1) is unambiguous and the term "pending" should be given its plain meaning. (Id. at 8-9).

4

This Court's standard of review with respect to statutory construction is well-settled.

> When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837, 842–43 (1984) (footnotes omitted).

In its Reply, the United States directs this Court's attention to the Ninth Circuit's analysis of the relevant statutory provisions in United States v. Kollman, 774 F.3d 592 (9th Cir. 2014). (ECF No. 35). The issue in Kollman is identical to the question before this Court: "whether the tolling period provided for in § 6330(e)(1) includes the time during which a taxpayer could file an appeal to the Tax Court, even if he does not actually file such an appeal." Kollman, 774 F.3d at 595. Applying the Chevron framework, a panel of the Ninth Circuit affirmed the District Court's determination that the language of § 6330(e)(1) was ambiguous, and concluded that the District Court relied properly upon Treasury Regulation 301.6330–1(g)(1) to clarify the ambiguity. Id. at 594. The Circuit explained as follows.

> [T]he first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. But the language in question does not, on its face, speak to whether the statute of limitations is suspended during the time to appeal in the event that an appeal is not taken. It does not address what Congress meant when it used the word "pending." Nor does it address whether the phrase "final determination" in the next sentence of § 6330(e)(1) means that the determination by the IRS hearing officer is final before the time to appeal runs. If anything, it is "silent or [at most] ambiguous" on that subject.

\* \* \*

Having determined that § 6330(e)(1) is ambiguous, we must now consider whether the Treasury Regulation, 26 C.F.R. § 301.6330–1(g)(1), sets forth a permissible construction of the statute. It does.

There is no dispute that Congress has delegated the power to "prescribe all needful rules and regulations pertaining to internal revenue to the Secretary of the Treasury. Where such delegation exists, we may not substitute [our] own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency. Moreover, we "need not conclude that the agency construction was the only one it permissibly could have adopted to uphold the construction.

The Treasury Regulation easily meets the permissible construction test. First, as discussed earlier, before this regulation was adopted, [the Eighth Circuit] court of appeals had determined that a similar statute, § 7609, was ambiguous and relied on another Treasury regulation, 26 C.F.R. § 301.7609–5(b), which stated that the limitations period is tolled until the expiration of the time to file an appeal. We are not aware of any determination to the contrary. It is reasonable to assume that Congress was aware of and content with that result when it incorporated nearly identical language into § 6330(e)(1).

Second, in other contexts, courts have considered actions to be "pending" until the expiration of the time to file an appeal

Third, legislative history supports the Treasury's reading of § 6330(e)(1). The House Conference Report regarding the statute states that:

> The taxpayer may contest the determination of the appellate officer in Tax Court by filing a petition within 30 days of the date of the determination. The IRS may not take any collection action pursuant to the determination during such 30–day period or while the taxpayer's contest is pending in Tax Court.

True, this report only addresses the period during which collection by levy—and not the ten-year statute of limitations—is suspended. But, § 6330(e)(1) addresses both in the same sentence, which provides that "levy actions ... and the running of any period of limitations under section 6502 ... shall be suspended." § 6330(e)(1). It is unlikely that Congress intended the sentence to have two different meanings—one for levy, and another for the limitations period. In fine, the regulation's method of illuminating the somewhat tenebrous language of § 6330(e)(1) was a permissible construction of that language.

Kollman, 774 F.3d 597-98 (citations and quotation marks omitted).

Although this Court is not bound by the Ninth Circuit's decision, its reasoning is persuasive. As in Kollman, Defendant's argument regarding ambiguity falls flat under scrutiny. Chevron first requires that this Court determine whether Congress has addressed this specific issue. Consistent with the analysis in Kollman, this Court determines that it has not. Further, as the Court in Kollman aptly noted, the intent of Congress with respect to the term "pending" is not clear.

> The language in the first sentence [of the statute] stating that the tolling period consists of the time "during which the [CDP] hearing, and appeals herein, are pending," does not preclude the interpretation that the tolling period expires when the notice of determination becomes a "final determination." It is entirely reasonable to understand a proceeding as "pending" until the time to appeal has expired.

Kollman, 774 F.3d 592, 596–97 (emphasis in original; footnotes and citations omitted). Accordingly, faced with multiple reasonable interpretations of the statutory language, this Court finds section 6330(e)(1) to be ambiguous. Thus, it is proper to look for clarification in the related Treasury Regulation, which states, unequivocally, that a CDP action is considered to be "pending" under the statute until the expiration of the time to appeal. See Chevron, 467 U.S. at 843.[2] Thus, the instant suit was timely filed.

Accordingly, this Court concludes that the United States has met its burden of proving that there is no genuine dispute as to any material fact at issue in this matter and, therefore, it is entitled to judgment as a matter of law.

---

[2] Further, as the United States points out, there is a "widespread judicial acceptance" of this interpretation of the interplay between the statute and the regulation with respect to the issue of tolling. See e.g. United States v. Balice, 505 F. App'x 142, 145 (3d Cir. 2012) (holding, inter alia, that "[t]he statute of limitations with regards to these tax years was suspended pursuant to 26 U.S.C. § 6330(e) for 551 days—from August 26, 2002 to February 28, 2004, the date when Balice's right to judicial review expired").

**Conclusion**

For the reasons and as more specifically stated herein, this Court will grant the United States' motion for summary judgment.

An appropriate order follows.

DATED this 16th day of April, 2018.

BY THE COURT:


s/ Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 16-1006 |
| ) | |
| DAVID HENDRICK, ) | |
|     Defendant. ) | |

## **ORDER**

AND NOW, this 16th day of April, 2018, for the reasons stated in the Opinion filed contemporaneously herewith, it is hereby ORDERED that the United States' Motion for Summary Judgment (ECF No. 29) be and the same hereby is GRANTED.

                                                     /s/ *Robert C. Mitchell*
                                                     ROBERT C. MITCHELL
                                                     United States Magistrate Judge

Cc: record counsel via CM-ECF